OPINION. Opper, Judge: The problem here is whether the controls retained by petitioner over the trust of which he was grantor-trustee, including the possible benefit available through the discretionary use of income for the maintenance of his dependents, are such as to make the trust income his own under section 22 (a) and the principle of Helvering v. Clifford, 309 U. S. 331. In Frederick Ayer, 45 B. T. A. 146, we were confronted with an essentially similar problem. There, as here, the grantor retained broad powers of management.[1] The corpus consisted of stock in a family corporation of which the grantor was a director. The trusts were long term trusts, and permitted payment for the “support, education, comfort and happiness” of the grantor’s minor children. But there, also, no use was made of the income for that purpose. After rejecting, on the authority of E. E. Black, 36 B. T. A. 346, and similar eases, the claim that the trust was on the latter ground covered by the provisions of section 167, the Board also concluded that the grantor was not taxable under section 22 (a). It distinguished White v. Higgins (C. C. A., 1st Cir.), 116 Fed. (2d) 312, by quoting from that opinion the statement that the grantor there “may at once pay any or all of the principal or income to herself” and by adding that as to the Ayer case “There are no such provisions.” It seems impossible to distinguish the Ayer proceeding from this one. Subsequent to the issuance of that opinion three further developments occurred. First, respondent accepted it as a matter of administrative practice and expressly acquiesced in it, 1942-1 C. B. 2, thereby augmenting the obligation of consistency if we would avoid discriminating inequitably among individual taxpayers. Second, the Supreme Court in November 1942 repudiated the theory of the Black case, Helvering v. Stuart, 317 U. S. 154, and thus cast doubt upon the correctness of the Ayer conclusion.[2] But thereafter Congress took the third step and in section 134 of the Revenue Act of 1943. see W. C. Cartinhour, 3 T. C. 482, 493, consummated a retroactive legislative repeal of the Stuart case [3] and reinstated the rule exemplified by E. E. Black.[4] Under these circumstances, we view the result of the Ayer case as now reestablished, and hence as governing all similar situations, among which we place the present proceeding. Respondent seeks to emphasize the clause of this trust instrument which refers to the grantor’s “belief that, during the term of this trust, it would be desirable to maintain the property at 314 Summit Avenue, Syracuse, New York (if acquired as part of the trust estate) as the home for his said children, until the yo ingest has become twenty-one years of age.” Aside from the quite evident intention to limit this provision to the contingency of the grantor’s death, the failure to acquire the property as part of the trust estate eliminates the necessary condition precedent to the application of the provision. Frank E. Wolcott, 42 B. T. A. 1151. Giving due consideration to the entire situation and applying the principle of Frederick Ayer, supra, we conclude that the trust income is not taxable to petitioner, and that respondent’s determination was in error. Reviewed by the Court. Decision will be entered under Rule 60-. His wife was the cotrustee, but it was stipulated that: “* * * Decisions with respect to the administration and property of the trusts, including the determination of assets to be purchased or sold, were made by the petitioner, as trustee. * * * [The wife] took no active part in the administration of the trusts.” The wife was also a remote remainderman, but could not he considered as having a substantial adverse interest. Fulham v. Commissioner (C. C. A. 1st Cir.). 110 Fed. (2d) 916, 918. After the decision in the Stuart case respondent withdrew his acquiescence to Frederick Ayer, 1948 Infernal Revenue Bulletin No. 13. p. 2. “(a) Income for Benefit of Grantor. — Section 167 (relating to income for benefit of grantor) is amended by adding at the end thereof the following subsection: '(c) Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. * * ” “Your Committee believes that the rule Id effect prior to the Stuart case is a sound rule and has inserted a provision in the bill to restore the old rule.” [Senate Finance Committee, S. Rept. No. 627, 78th Cong., 1st sess., p. 29.3